IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-154-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| ANTONIO MCREYNOLDS, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a special agent with the FBI, and defendant the testimony of the proposed third-party custodian, a friend of defendant. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 19 May 2010 for larceny of private property on or about 31 July 2009 in violation of 18 U.S.C. §§ 7(3) and 661. The evidence presented at the hearing showed that the charges arise from defendant's theft from Fort Bragg of a motorcycle on the alleged offense date. One of the military policemen at the gate through which defendant rode the motorcycle after stealing it was the motorcycle's owner. He and a fellow military policeman pursued defendant and, after a brief struggle, apprehended him. Defendant later admitted to stealing the motorcycle he was riding as well as another motorcycle.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the nature of the offense charged as involving the theft of valuable property; the circumstances of the offense charged, including the relative brazenness of stealing a motorcycle on a military base and openly driving it off the base; the criminal record of defendant (age 25), including over thirty failures to appear, ten felony convictions (many for motor vehicle and other thefts), two misdemeanor convictions, commission of five offenses while on probation, and one formal probation revocation for absconding and other violations; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger of continued theft activity presented by defendant, and the proposed custodian's work outside the home at a full-time job, the presence of her home in the same community in which defendant committed the alleged offense, and her lack of familiarity with defendant's criminal background, suggesting a relationship with defendant not as close as claimed; and, as indicated, the other findings and reasons stated in open court. The court considered evidence offered as mitigating, such as the availability of a job to him if released, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of June, 2010.

_____
James E. Gates
United States Magistrate Judge

3